SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES

June 13, 2011

Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

*[Handwritten note:]* Pre-motion conference to be held on 7-11-11 @ 2:30. Plaintiff to state position (by letter not to exceed 3 pages) in writing 1 week in advance. So Ordered. Cathy Seibel USDJ 6/14/11

Re: *Harner v. Allstate Insurance Co., et al.*, No. 11-CV-2933-CS (S.D.N.Y.)

Dear Judge Seibel:

We represent Defendant State Farm Mutual Automobile Insurance Company in this civil action. This action names as defendants fourteen insurance companies and four other companies that act as third-party claims administrators. We write on behalf of all of the insurance company defendants ("Insurer Defendants")[1] to respectfully request a pre-motion conference pursuant to Rule 2.A of this Court's Individual Practices in connection with a proposed motion to dismiss Plaintiff's Verified Complaint ("Complaint") in its entirety. The four other defendants are making a similar request by separate letter.

Plaintiff, who appears *pro se*, is the alleged sole proprietor of a mobile car-repair business that installs and repairs auto glass. Compl. ¶¶ 20-23. Plaintiff claims he installed or repaired glass for several customers, who he alleges have car insurance policies with the Insurer Defendants. *Id.* ¶¶ 33, 205. Plaintiff states that he submitted invoices for this work to the Insurer Defendants and that while he has been paid, *id.* ¶¶ 279-80, 284, he has not been "fully pa[id]" the amounts he has charged "in a timely manner." *Id.* ¶¶ 33, 205-06, 208-11. Plaintiff has "no contract, agreement, arrangement, or accord, with any insurer," *id.* ¶ 199, and thus is not part of the networks of glass-repair businesses who have contracts with the Insurer Defendants to repair the cars of their insureds.

The gravamen of the Complaint appears to be that the Insurer Defendants paid Plaintiff less than the full amount of his invoices because his charges exceeded the costs of the same repairs at a recommended facility. New York law permits insurance companies to recommend glass repair facilities to their insureds. *See* N.Y. Ins. Law § 2610(b). In addition, under New York law, insurance companies are not obligated to pay for glass repair charges exceeding the amount a recommended facility would have charged. The New York Department of Insurance General Counsel has opined that under Insurance Law § 2610(b):

> If an insured elects to have his or her glass damage repaired by a facility other than the facility recommended by the insurer, the insurer is not financially responsible for any excess repair costs over the cost the recommended facility would have charged had it performed the glass damage repair.

N.Y. Dept. of Ins. Office of Gen. Counsel, Op. re: Glass Claims (Mar. 6, 2002). Thus, the Insurer Defendants' reimbursement practices are entirely consistent with New York law.

---

[1] The Insurer Defendants are Allstate Insurance Co., Geico General Insurance Co., The Hanover Insurance Co., Hartford Insurance Company of Illinois, Liberty Mutual Fire Insurance Co., Merchants Preferred Insurance Co., Metropolitan Group Property and Casualty Insurance Co., Nationwide Insurance Company of America, Peerless Insurance Co., Progressive Northwestern Insurance Co., State Farm Mutual Automobile Insurance Co., Travelers Home and Marine Insurance Co., Unitrin Auto and Home Insurance (improperly named in the Summons as Initrin Auto and Home Insurance), and USAA Casualty Insurance Co.

*[Filing stamp:]* USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 6/15/11

Notwithstanding his admitted lack of any contractual relationship with any Insurer Defendant, Plaintiff has alleged a breach of contract claim as well as claims for fraud, unfair insurance claims settlement practices, antitrust violations, interference with business expectancy, negligence, boycott, coercion, and intimidation. None of these counts state a claim upon which relief can be granted against any Insurer Defendant. In addition, the Complaint provides no legal or factual basis for an award of punitive damages.

Plaintiff's claim for breach of contract (Count 1) fails because he admittedly has no contract with any of the Insurer Defendants. Compl. ¶ 199. *See, e.g., Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 181-82, 944 N.E.2d 1104, 1110, 919 N.Y.S.2d 465, 471 (2011) ("[A] party alleging a breach of contract must 'demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement.'") (citation omitted). Nor has Plaintiff specified in his Complaint any provision of any contract alleged to have been breached. *See, e.g., id.; Levy v. Bessemer Trust Co.*, 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997) ("For a breach of contract claim, Plaintiff must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue.").

Plaintiff's fraud/misrepresentation claim (Count 2) fails because there is no allegation that any Insurer Defendant made any false statement to Plaintiff or that Plaintiff justifiably and detrimentally relied upon any such false statement. *See, e.g., Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51-52 (2d Cir. 1995). Plaintiff does not allege any misrepresentations to him, but "to insured persons," and he does not allege that he relied upon any such misrepresentations, but that "those insured persons have . . . relied." Compl. at 62-63. Plaintiff's fraud claim also does not come close to meeting the "heightened pleading standard" of Fed. R. Civ. P. 9(b). *See, e.g., Lerner v. Fleet Bank*, 459 F.3d 273, 290-91 (2d Cir. 2006).

Plaintiff's claims based on alleged unfair insurance claims settlement practices (Count 3) must be dismissed because New York law "does not currently recognize a private cause of action under Insurance Law § 2601." *Rocanova v. Equitable Life Assurance Soc'y*, 83 N.Y.2d 603, 614, 634 N.E.2d 940, 944, 612 N.Y.S.2d 339, 343 (1994); *accord De Marinis v. Tower Ins. Co.*, 6 A.D.3d 484, 486 (2d Dep't 2004) (no cause of action under N.Y. Ins. Law. § 2601 or N.Y. Comp. Codes R. & Regs. tit. 11, § 216, *et seq.*). In addition, that statute on its face, like others Plaintiff cites, protects insured persons, not third parties that sell services to insured persons. N.Y. Ins. Law § 2601(a); *see also id.* § 5106; N.Y. Comp. Codes R. & Regs. tit. 11, § 216, *et seq.*

Plaintiff's antitrust claims (Counts 4 and 5) fail for a number of reasons. For example, Plaintiff's antitrust claims are deficient because he fails to allege any antitrust injury or antitrust standing. Where, as here, an antitrust complaint lacks "any allegation as to how market-wide competition [is] affected, the complaint fails to allege a claim on which relief can be granted." *Elecs. Commc'ns. Corp. v. Toshiba Am. Consumer Prods., Inc.*, 129 F.3d 240, 245 (2d Cir. 1997). Furthermore, courts consistently approve prevailing or customary reimbursement rates. *Finkelstein v. Aetna Health Plans*, 1997 WL 419211, at *5 (S.D.N.Y. July 25 1997) ("no antitrust liability lies where an insurer . . . 'seeks to set the amount [and the terms] for the charge'"; dismissing complaint for lack of antitrust injury) (citation omitted), *aff'd*, 152 F.3d 917 (2d Cir. 1998); *accord Westchester Radiological Assoc., P.C. v. Empire Blue Cross & Blue Shield, Inc.*, 707 F. Supp. 708, 712 n.8 (S.D.N.Y.), *aff'd*, 884 F.2d 707 (2d Cir. 1989) (similar); *Quality Auto Body, Inc. v. Allstate Ins. Co.*, 660 F.2d 1195, 1204 (7th Cir. 1981) ("the insurer's refusal to pay more than the prevailing competitive rate is not illegal"; listing cases). Plaintiff in his Complaint clearly fails these pleading tests because he has not alleged any harm to competition at all, much less connected any harm to competition with an injury to Plaintiff.

Plaintiff's antitrust conspiracy claims also fail because the Complaint lacks any allegation of opportunity to conspire, or contacts and interactions among defendants suggestive of any type of illegal agreement, and Plaintiff offers no specifics on the time or place where any such agreement was supposedly initiated, coordinated, or orchestrated. Such sparse and conclusory conspiracy allegations must be dismissed prior to discovery because an antitrust conspiracy claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see Arista Records v. Lime Group LLC*, 532 F. Supp. 2d 556, 566 (S.D.N.Y. 2007) ("conclusory statements cannot 'substitute for minimally sufficient factual allegations'") (citation omitted). In addition, Plaintiff's Sherman Act monopolization and rule of reason claims must be dismissed for lack of any allegations concerning the relevant product and geographic markets in which competition was harmed. *See Hack v. President & Fellows of Yale College*, 237 F.3d 81, 85 (2d Cir. 2000) (affirming dismissal of Sherman Act claims for inadequate pleading of relevant market); *Queen City Pizza v. Dominos Pizza*, 124 F.3d 430, 441-43 (3d Cir. 1997) (similar).

Plaintiff's New York Donnelly Act claim (Count 4) fails for the same reasons as the federal antitrust claims. *See Clorox Co. v. Winthrop*, 836 F. Supp. 983, 988 n.3 (E.D.N.Y. 1993) ("No separate analysis is required under the Donnelly Act because this Act is 'construed in light of federal precedent.'") (citation omitted); *Perfumer's Workshop, Ltd. v. Roure Betrand du Pont, Inc.*, 737 F. Supp. 785, 791 (S.D.N.Y 1990) (dismissing Sherman Act claim, and therefore dismissing Donnelly Act claim as well). Similarly, there is no private right of action for Plaintiff's alleged claims under the Federal Trade Commission Act (15 U.S.C. § 45). *See, e.g., Li Xi v. Apple Inc.*, 603 F. Supp. 2d 464, 470 (E.D.N.Y. 2009) (citing cases).

Plaintiff's remaining common law tort claims (Counts 6, 7, and 8) fail for numerous reasons. Plaintiff's claim for interference with business expectancy fails because he does not identify any particular business opportunity that was interfered with by any Insurer Defendant's conduct or that any such conduct was "criminal[,] independently tortious," or "'for the sole purpose of inflicting intentional harm.'" *See, e.g., Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190, 818 N.E.2d 1100, 1103, 785 N.Y.S.2d 359, 362 (2004) (citation omitted); *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2008) (Sotomayor, J.). Plaintiff's negligence claim fails because he has not alleged any particular duty owed by the Insurer Defendants or how any such duty was breached, as New York law requires. *See, e.g., Alfaro v. Wal-Mart Stores*, 210 F.3d 111, 114 (2d Cir. 2000). Plaintiff's claims for boycott, coercion, and intimidation fail because, *inter alia*, they are merely duplicative of his other defective causes of action, *see* Compl. at 84 & ¶ 324; *Lawrence v. Union of Orthodox Jewish Congregations*, 32 A.D.3d 304, 304-05, 820 N.Y.S.2d 60, 61 (1st Dep't 2006) (boycott claim subsumed by claim for tortious interference with business relations), or do not plead causes of action that are recognized under New York law. *See, e.g., Wright v. Dennis*, 2008 N.Y. Slip Op. 30423(u), at *2 (Sup. Ct. Feb. 11, 2008) (no cause of action for harassment); *Bradt v. White*, 190 Misc. 2d 526, 535, 740 N.Y.S.2d 777, 784 (Sup. Ct. 2002) ("there is no common law cause of action for harassment [or] intimidation").

For the foregoing reasons, Insurer Defendants respectfully request a pre-motion conference regarding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). Insurer Defendants further request that the Court set a briefing schedule that would reasonably accommodate the time needed for the fourteen Insurer Defendants to consolidate their arguments into one brief.

Sincerely yours,

Douglas W. Dunham

cc: Plaintiff David W. Harner
    All Defense Counsel of Record